By the Court ; Earl, J.
[after stating the facts.] We are of opinion that the learned general term misapprehended the practice. The notice of the entry of judgment, *62 which the defendant’s attorney served upon the plaintiff’s attorney, limited the right to appeal to thirty days, under section 1351 of the Code of Civil Procedure, which provides that an appeal to the general term “ must be taken within thirty days after service upon the attorney for- the appellant of a copy of the judgment or order appealed from, and a written notice of the entry thereof,” and it. had no other effect; and within the time limited the appeal was brought. The plaintiff was. not obliged to prepare a case to be settled as required by section 997 of the Code, but he could file exceptions, under section 994 of the Code, to the findings of the trial judge upon questions of law, and could have his appeal heard upon those exceptions, without any case as provided by section 998 of the-Code. At the time plaintiff’s appeal was dismissed at the general term, the time for filing exceptions to the findings of law had not expired. According to section 994, those exceptions could be taken and filed any time before the expiration of ten days after service upon plaintiff’s attorney of a copy of the decision of the court, and a written notice of the entry of-judgment thereupon. A copy of the decision has never been served upon the plaintiff’s attorney, and hence his time for filing exceptions to the findings of the judge has not been limited, and has not expired. The court at general term therefore had no right to dismiss his appeal, conditionally or otherwise. The defendant must-serve upon the plaintiff’s attorney a copy of the decision of the court, and then, unless plaintiff’s attorney files and serves his exceptions within the time limited by law, his appeal may be dismissed.
Nor has the plaintiff’s time to" make a case been limited as required by rule 32 of the Supreme Court. That rule provides that, if the trial is before the court or a referee, a case may be made, and a copy thereof served upon the opposite party, “ within ten days after the service of a copy of the decision or report, and written notice of the entry of judgment thereon.” It would therefore appear that, at the- *63 time plaintiff’s appeal was dismissed, he was not in default for not filing Ms exceptions or making a case.
The order of the general term should therefore he reversed, with costs of appeal to this court, and $10 costs of opposing the motion at the general term.
Order accordingly.
Note on the Practice on Appealing from Judgmeht on a DECision of a Beferee, or of a Judge after Trial without Jury.
Course of the successful party.] On succeeding on a trial before the court at special term, or before a referee, the successful attorney should :
(1.) In order to limit the time of his adversary to except to conclusions of law, or refusal to find on a question of law submitted by the adversary’s requests, or to make a case, serve a copy of the report of the referee on the decision of the judge, upon the adversary’s attorney, and a written notice of the entry of judgment thereon. N. Y. Code Civ. Pro., § 994, Gen. Rules No. 33 of 1884.
(3.) In order to limit the adversary’s time to appeal from the judgment, he should serve the adversary’s attorney with a copy of the judgment and notice of the entry thereof (Id., § 1341).
These two acts may be combined in one, by serving a copy of the report or decision, and a copy of the judgment, with written notice that the latter has been entered on the former. The practice is to indorse each with an appropriate notice.
This compels the unsuccessful party to file and serve notice of exceptions within ten days (§ 994), and appeal within thirty days (§ 1351), or lose Ms right to review the question.
Since the case is required to contain the exceptions (Code Civ. Pro., § 997), a party who does not limit the time for filing and servmg exceptions cannot object that his adversary has delayed making and serving a case meanwMle. The adversary cannot be put m default for not serving a case containing his exceptions before the expiration of the time allowed Mm for framing them. French v. Powers, 80 N. Y., 147.
Course of the unsuccessful party.] If he does not complain of any ruling made in the course of the trial, but only of a conclusion of law in the decision, the question whether given conclusions of law are properly drawn from unobjectionable conclusions of fact, may be presented by exceptions to the conclusions of law, or the refusal to find in answer to a request for a conclusion of law ; and to present this question it is not necessary to make a case ; but only to appeal from the judgment, and have the exceptions *64 included in or annexed to the judgment.. For this purpose he should, within tén days after service on him of a copy of the decision or the report of the referee, and a written notice of .the entry of judgment thereon (N. Y. Code Civ. Pro., § 994), file notice of exceptions with the clerk, and serve a copy ■of the notice of exceptions on the adverse attorney. (Id.)
If the notice of exceptions is not already in the judgment roll as made up by the attorney for the successful party, the appellant should have it annexed to the judgment roll as part of the papers on which the appeal is to be heard.
If he wishes to review rulings made on the trial he will make a “ case ” which is the sufficient word for what was formerly called a bill of exceptions or a case and exceptions, or case alone ; although where exceptions to the conclusions of law are filed in addition to the making of a case, it is appropriate to denominate the appeal book “ case and exceptions.”
l^eave to make a case does not extend the right to take exceptions.
But if a party 'desiring to appeal chooses to serve his case and exceptions after notice of the filing of the decision, and before actual entry of judgment, he may do so, and the successful party is not justified in returning them merely because of having been served before entry of judgment. If the case contains what it should not, or omits what it should ■contain, the remedy is to propose amendments. Lawrence, J., Supm. Ct., Sp. T., Union Savings Institution v. Eggers, N. Y. Daily Reg., April 1,1880.
The court have power under the provisions of law relating to amendments, to allow exceptions to be filed wane pro Vane if an appeal has been taken seasonably, and the ground of the appeal is that the conclusions of law are not warranted by the findings. Douglas v. Douglas, 7 Hun, 272.
In Pettit v. Pettit, 20 Weekly Dig., 154, it was held, that it was not necessary that such written exceptions should be a part of the case to be passed upon on settlement by the trial judge ; but see French ®. Powers, above cited.